Dolma v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand fourteen.

PRESENT: BARRINGTON D. PARKER, JR.,
  DEBRA ANN LIVINGSTON,
  CHRISTOPHER F. DRONEY,
      *Circuit Judges.*
-----------------------------------------------------------------

SONAM DOLMA

      *Petitioner*,

      v.                                    No. 12-4801

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

-----------------------------------------------------------------

FOR PETITIONER: JASON A. NIELSON, Mungoven & Associates, P.C., New York, NY.

FOR RESPONDENT: STUART F. DELERY, Assistant Attorney General, Civil Division; CHRISTOPHER C. FULER, Deputy Chief, and ALISON MARIE IGOE, Senior Counsel, National Security Unit, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Sonam Dolma, an ethnic Tibetan, seeks review of a November 7, 2012, order of the BIA affirming the February 17, 2011, decision of an Immigration Judge ("IJ"), which denied her application for deferral of removal under the Convention Against Torture ("CAT"). *In re Sonam Dolma*, No. A099 928 254 (B.I.A. Nov. 7, 2012), *aff'g* No. A099 928 254 (Immig. Ct. N.Y. City Feb. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decisions of both the IJ and the BIA "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. §

1252(b)(4); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We conclude that the agency erred by declining to conduct a CAT analysis based on its predicate determination that Dolma had not established her Chinese citizenship.

The agency erred in denying Dolma's application for deferral of removal under CAT because she "ha[d] not satisfactorily established that she is a citizen of China" in order to meet "the burden of proof." C.A.R. 5 (citing *Dhoumo v. B.I.A.*, 416 F.3d 172, 174) (2d Cir. 2005) (per curiam)). Unlike in cases of asylum eligibility, "[a]n applicant's nationality . . . is not a threshold issue in determining eligibility for withholding of removal and CAT relief." *Urgen v. Holder*, 768 F.3d 269, 273 n.1 (2d Cir. 2014); *cf. Dhoumo*, 416 F.3d at 174 (holding that "petitioner's nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum"). The agency erred in treating it as such. Therefore, on remand, the agency must conduct an analysis of whether Dolma has established that it is more likely than not that she would be tortured in the proposed country of removal.

On remand, the agency is also instructed to make an explicit determination with respect to Dolma's country of nationality and citizenship. The agency ordered Dolma removed to China, and alternatively to Nepal, without first

3

determining whether she was a citizen or national of either country. But, where, as here, an alien does not designate a country of removal, "an explicit determination with respect to a petitioner's country of nationality or citizenship is necessary to ensure compliance with the mandatory, consecutive removal commands of 8 U.S.C. § 1231(b)(2)." *Urgen*, 768 F.3d at 273. The agency's failure to decide petitioner's country of nationality or citizenship not only violated this requirement, but also would undermine its CAT analysis where CAT relief depends on the likelihood that the applicant "would be tortured if removed to the *proposed country of removal*." 8 C.F.R. § 1208.16(c)(2) (emphasis added). Because neither the IJ nor the BIA resolved Dolma's country of nationality or citizenship, it is unclear whether she may be removed to China or Nepal, and by extension what country will be relevant to the agency's CAT analysis.

For the foregoing reasons, the petition for review is **GRANTED**, and the case **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4